Den *v.* Dodd.

[APRIL TERM, 1797.]

Den *ex dem.* Halsey *against* Dodd.

Though a woman entitled to dower cannot enter upon the land and take possession without suit, or before assignment, yet if she is in possession, legally, her right to dower is a good bar in an action of ejectment.

This was an action of ejectment brought to recover certain lands situated in the county of Essex. The lessor of the plaintiff claimed title, as a purchaser at a sheriff's sale; and the defendant rested the defence to the action upon a right to dower in the premises in the widow of the former proprietor, the person last seized.

The cause had been argued at the last November term, and now—

Kinsey, C. J. delivered the opinion of the court. It is admitted, in the present action, that Abraham Ward and Jabez Ward were seized of the lands in question in October, 1776. Abraham died seized in January, 1779. In the month of September, 1794, judgment was entered against Dodd, and his wife, executrix of Abraham Ward, and the lands in question were levied upon by the sheriff, and sold as the property of the testator.

This action is brought by the purchaser at the sheriff's sale, to recover the lands thus sold to him; the defendant defends for one-sixth of the premises, which he claims for, and under his wife, the widow of Abraham Ward, one of the former proprietors; and the only question is, whether this constitutes a valid defence, and furnishes a legal right to retain possession?

This is a question which is attended with no real difficulty. It has been settled in this state, at least forty years

since, that the sale by a sheriff is no bar to the wife's claim of dower: the justice of the case therefore is clear. The purchaser is entitled to the lands conveyed to him by the sheriff, excepting always the life estate of the widow in one-third of them. The only doubts which can arise, are as to the manner in which these rights are to be preserved and secured, and the argument in this case has turned principally upon the manner in which the wife is to gain possession of what clearly belongs to her.

Several cases and authorities have been cited, to shew that a widow is not allowed to enter upon the land of her husband before her dower has been assigned. It would be superfluous to refer to them, for we consider the law as clearly settled upon this point. The present case, however, is widely different; there has been no illegal entry by the wife, and no claim of the kind is made; but, as it appears to the court from the circumstances, the widow has been in possession since the death of her husband, in 1779, a period long anterior to that at which the title of the lessor of the plaintiff became vested in him. The true question then, is not, whether she had a legal right to enter upon the lands in controversy, to which she was entitled as tenant in dower? but, whether, having come into possession legally and peaceably, she could lawfully retain it under her right? Whether, being in the possession of the property, the law will turn her out, and put her to an action to recover her claim? In other words, whether a woman is to be compelled, immediately upon the death of her husband, to quit the possession, and continue deprived of her rights until she can regain them by due course of law? I have not been able to find any express adjudication upon this subject, but such a doctrine would be highly unreasonable, and we think ourselves warranted to say, it is wholly without foundation, and that she may legally retain possession until her dower be assigned to her.

Three things, only, are essential to this estate—marriage, seizin, and death of the husband; on the happening of the

last, the title is complete. By the law anterior to William the Conqueror, a widow was entitled to continue in the principal messuage of her husband for the term of one year after his death, and during this period an assignment was to be made to her of her dower. This privilege, except that this time was limited to forty days, called the widow's quarantine, is expressly recognized and protected by *Magna Charta c.* 7. But the heir is still bound to assign the dower within this period. The object of the law is clear and beneficent. The woman depends upon the husband during his life, and after his death the law not only assigns her a portion of his estate, but requires that it should be regularly placed under her control within the time allowed her to occupy the mansion house of her husband.

The language of the law is imperative, and enjoins upon the heir, or whoever may stand in his place, to perform his duty. It is highly proper that she should continue in the possession of the principal mansion until her portion is settled. Dower is one of those rights which the law always favors, and we are not disposed to restrict her in the exercise of the means necessary to attain it. The doctrine that she may retain possession until assignment, though she cannot enter before, is by no means a novel one. In *Goodtitle* v. *Newman*, 3 *Wils.* 516, it is clearly recognized. Gould J. (p. 519) puts this question to the counsel who was arguing the cause: "If dower be not assigned to her within forty days, may she not continue until it be assigned to her? I think the court would not turn her out until dower was assigned to her." The counsel replied, "It must be admitted that the heir has no right to turn her out before dower be assigned to her." In the following page, the same judge speaks of her "holding the premises by way of compulsion to have her dower assigned to her." Nares J. (p. 521) seems to recognize the doctrine, though he denies its application.

Under the authority of this case in *Wilson*, and considering the extreme reasonableness of the doctrine, we are warranted in saying, that although the widow, when out of possession, cannot legally enter until her dower is assigned to her, yet, when she came upon the property during the lifetime of the husband, and remained there subsequent to his death, the heir, or one claiming under him, cannot maintain an ejectment against her, and oust her, without assigning to her that proportion of the estate to which she is legally entitled, and that is the point to which the present defence is limited. On the first part of this doctrine, we are bound by repeated decisions ; on the latter, we are supported by the authority referred to, and by the reason and equity of the principle.

Judgment for defendant.*

---

* In *Jackson ex dem. Clark* v. *O'Donagley*, 7 *John.* 247, a contrary doctrine was held by the court, and it was adjudged, that after the quarantine of forty days have elapsed, the heir, or any person deriving title from the husband, may expel the widow, and put her to her suit to recover her dower.